UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) CR. No. 06-pt-339-1 (TFH)(AK) |
| GERALD L. JONES, | ) |
| Defendant. | ) |

REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge by the Honorable Thomas F. Hogan, Chief Judge, for a Hearing on Violation and a Report and Recommendation on violations of the Defendant's supervised release.

Background

On September 11, 2003, the Defendant appeared before Chief Judge Larry J. McKinney, of the United States District Court for the Southern District of Indiana, after pleading guilty to Possession of a Prohibited Object, in violation of 18 U.S.C. §§1791(a)(2) and (b)(3). That court sentenced Mr. Jones to a 24-month period of imprisonment, to be followed by 24 months of supervised release. The court ordered Mr. Jones to pay a $100 special assessment; participate in drug aftercare; and submit to search and seizure. Supervised release began on December 13, 2005, in the District of Columbia, and is scheduled to terminate on December 12, 2007. The case was transferred to this District on August 21, 2005. On August 8, 2006, Mr. Jones' conditions of supervision were modified to include inpatient drug treatment.

On October 17, 2006, the Probation Office filed a Request for Course of Action alleging

that:1) on September 19, 2006, Mr. Jones was arrested in the District of Columbia and charged with Unauthorized Use of a Vehicle; 2) that on September 27, 2006, a warrant was issued for Mr. Jones' arrest, charging him with Robbery; and 3) Mr. Jones failed to participate in outpatient group counseling at the Salvation Army Harbor Lights Center on August 18 and 23, 2006, and again on September 1,6, 8, 13, and 15, 2006.

By Memorandum to the trial court on October 11, 2006, the Probation Officer reported that following transfer of supervision to this District, Mr. Jones and the Probation Officer reviewed, on December 14, 2005, the conditions of supervision, and Mr. Jones acknowledged an understanding of these conditions with his signature. The Probation Officer also stated that a copy of the conditions was given to Mr. Jones for his reference and records.

With respect to the September 19, 2006 arrest and charge of Unauthorized Use of a Vehicle, the Probation Officer noted that, according to the M.P.D. arrest report, a female victim was pumping air into the tire of her van, at a gas station located at 1022 M. Street, S.E., when Mr. Jones entered the driver's side door of the vehicle, started up the van and pushed the victim away from the door. He fled the scene in the van. Officers attempted to stop the vehicle on Suitland Parkway; however, Mr. Jones disobeyed their commands. Mr. Jones subsequently crashed the van into the security gate of Bolling Air Force Base.

With respect to the issuance of the warrant on September 27, 2006, for the arrest of Mr. Jones on a charge of Robbery, the Probation Officer stated that, according to a Federal Bureau of Investigation arrest report, the warrant was issued by D.C. Superior Court.

The Probation Officer also reported that Mr. Jones failed to participate in outpatient group counseling at the Harbor Lights Center on seven occasions during the months of August

-2-

and September 2006. Mr. Jones had entered the Salvation Army Harbor Lights Center on June 23, 2006, for inpatient treatment. He actively participated in the program and was successfully discharged after 30 days due to his employment. Mr. Jones, who was an employee of the District of Columbia Department of Public Works, was on leave without pay and needed to return to work by July 24, 2006, or risk termination. Upon completion of the treatment, Mr. Jones agreed to participate in group counseling twice a week and random urinalysis. He failed to report for treatment counseling on the dates specified above.

<u>Hearing on Violation of Supervised Release</u>

A hearing on the Defendant's violations of supervised release was held before the undersigned on February 7, 2007. Mr. Jones was represented by counsel. At the hearing, it was represented to the Court that Mr. Jones is currently serving thirty-six months incarceration following his plea to Theft and there are two Robbery charges pending, which, according to defense counsel, are connected to the Unauthorized Use of a Motor Vehicle charge. The Defendant, through counsel, conceded the violations.

<u>Recommendation</u>

Following the Defendant's acknowledgment that he has violated the terms and conditions of his supervised release, the undersigned found by a preponderance of the evidence that he did in fact violate the terms and conditions of his supervision. The Defendant, through counsel, noted that he had worked consecutively for twelve months and that he relapsed following that period of gainful employment. The Defendant recommends to the trial court that any sentence imposed by the trial court run concurrently with the sentence Mr. Jones is currently serving. The Probation Office and the Government recommend that Mr. Jones' supervision be

revoked and that he be sentenced for a period of twenty-four months incarceration to run consecutively with his current imprisonment, in light of his conduct while on supervised release in this case. All parties agreed that the Advisory Sentencing Guidelines provide for an imprisonment range of thirty-three to forty-one months; however, the maximum period of incarceration that can be imposed by the trial court, pursuant to the statute, is twenty-four months.

## Options Available to the Trial Court

According to the Probation Office, the most serious violation conduct described above represents a Grade A violation under U.S.S.G. §7B1.1(a)(1). Pursuant to U.S.S.G. §7B1.3(a)(1), upon a finding of a Grade A violation, the trial court shall revoke probation or supervised release.

The underlying offense for which Mr. Jones was sentenced by the United States District Court for the Southern District of Indiana was committed while Mr. Jones was incarcerated at the U.S. Penitentiary at Terre Haute and he was sentenced without the benefit of a Pre-Sentence Report. Based on Mr. Jones' criminal history at the time of sentencing, the original criminal history category would have been VI. Under U.S.S.G. §7B1.4(a), the revocation guidelines are thirty-three to forty-one months imprisonment for a Grade A violation and a Criminal History category of VI. Should the trial court revoke Mr. Jones' term of supervised release, the trial court may require him to serve not more than two years incarceration because Mr. Jones was originally convicted of a Class D felony. *See* 18 U.S.C. §3583(e)(3). Pursuant to 18 U.S.C. §3583(h), the trial court has the authority to reimpose a term of supervised release if the sentence of imprisonment is less than authorized by 18 U.S.C. §3583(e)(3). Therefore, the term of supervised release is limited to the maximum term of supervised release originally authorized by

statute (three years) less any prison sentence imposed upon revocation.


DATED: February 20, 2007             _____/s/_____
                                     ALAN KAY
                                     UNITED STATES MAGISTRATE JUDGE